UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERI PEDI TEMU EL,

    Plaintiff,                                    Case No. 14-cv-11641
                                            Hon. Matthew F. Leitman

v.

OAKLAND COUNTY, et al.

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF #4)**

On April 24, 2014, Plaintiff Heri Pedi Temu El ("Plaintiff") filed this action against (i) Oakland County, Michigan, (ii) Oakland County Circuit Court Judge Lisa Gorcyca, (iii) Oakland County Assistant Prosecutor Susan Harvey, and (iv) Oakland County Friend of the Court Referee Traci Rink (collectively, the "Defendants"). The precise nature of Plaintiff's Complaint is difficult to comprehend. He appears to allege that Defendants (1) refused to recognize him by his chosen name, Heri Pedi Temu El (a name he says is recognized by the National Association of Moorish Affairs), and instead used his legal name, Kareen Levar Manley, in a child support proceeding against him, and (2) wrongly defaulted him in that action. (*See* Complaint, ECF #1.)

Defendants have moved to dismiss Plaintiff's Complaint. (*See* Defendants' Motion, ECF #4.) Plaintiff filed an untimely response. (*See* Plaintiff's Response,

ECF #15.) The Court finds that oral argument would not aid its decision on Defendants' Motion and will therefore decide the Motion without a hearing. *See* Local Rule 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff's Complaint with prejudice.

When deciding a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," *Erikson v. Pardue*, 551 U.S. 89, 94 (2007), "basic pleading essentials" must still be satisfied. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

In this case, even construing Plaintiff's Complaint in the light most favorable to him, the Court finds that he has not stated a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court concludes that, even with a liberal reading of the allegations in Plaintiff's Complaint, the instant action lacks a cognizable basis for granting relief.

Plaintiff has simply not identified any federal right that Defendants violated by proceeding against him under his legally-recognized name, rather than his chosen name. And Plaintiff's Complaint presents no basis to doubt that Kareen

Levar Manley is, in fact, his legally-recognized name.  Indeed, Plaintiff attaches to his Complaint a copy of his official birth certificate reflecting his given name of Kareen Levar Manley.  (*See* ECF #1-1 at 10, Pg. ID 60.)  Although Plaintiff purports to attach "all the proper legal documents" indicating that he changed his name to Heri Pedi Temu El  (Compl. at ¶4), with all due respect to Plaintiff, these documents – many of which bear the seal of the "National Association of Moorish Affairs" (*see, e.g.*, ECF #1-1 at 2, Pg. ID 52; *id.* at 4, Pg. ID 54) – are *not* evidence that he officially changed his name under Michigan law.  Indeed, Plaintiff has not alleged that any court has ever entered an order changing his name to Heri Pedi Temu El.  Accordingly, Plaintiff's claims that Defendants somehow violated his federally-protected rights by proceeding against him using the name Kareen Levar Manley – and defaulting him when he failed to properly respond in those proceedings – are without merit.

Moreover, to the extent that Plaintiff challenges the child support order entered against him in state court, this Court is prohibited from reviewing that order under the *Rooker-Feldman* doctrine.  *See, e.g., Lance v. Dennis*, 546 U.S. 459, 463 (*Rooker-Feldman* doctrine prohibits "lower federal courts … from exercising appellate jurisdiction over final state-court judgments").

## CONCLUSION

For all of the reasons stated above, **IT IS HEREBY ORDERED** that Defendants' Motion (ECF #4) is **GRANTED**, and Plaintiff's Complaint (ECF #1) is **DISMISSED WITH PREJUDICE**, in its entirety.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 11, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 11, 2014, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113